IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 8:13-cv-811-JSM-MAP |
| ) | |
| JASON T. HOFFNER ) | |
| ) | |
| Defendant. ) | |

## PERMANENT INJUNCTION
## AGAINST JASON T. HOFFNER

THIS CAUSE comes before the Court upon the Parties' Stipulated Order of Permanent Injunction Against Jason T. Hoffner (Dkt. 2). The Court construes the stipulated order as an agreed motion for entry of a permanent injunction. Because Defendant Hoffner has consented to its terms, the motion is granted in part as stated herein.[1]

Plaintiff, the United States of America, and Defendant, Jason T. Hoffner consent to entry of this Permanent Injunction, and agree as follows:

1. Pursuant to 26 U.S.C. §§ 7402 and 7408, the United States has filed a complaint to bar Hoffner from engaging in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701 and interfering with the proper administration of the internal revenue laws.

2. Hoffner admits that this Court has personal jurisdiction over him and subject matter jurisdiction over this suit.

---

[1] The Court retains all the material terms of the Parties' Stipulated Order in this Order of Permanent Injunction. However, the Court limits the United States' post-judgment discovery powers in this Court to one year following entry of this Order and only retains jurisdiction over this matter to enforce the permanent injunction for one year following entry of this Order.

9050548.1

3. Without admitting any of the allegations in the complaint, Hoffner waives the entry of findings of fact and conclusions of law, and consents to the entry of this permanent injunction without further notice and agrees to be bound by its terms.

4. Hoffner further understands and agrees, and the Court orders that:

    a. This Permanent Injunction is entered under Fed. R. Civ. P. 65 and is a final judgment in this matter;

    b. Hoffner waives the right to appeal from this Order of Permanent Injunction;

    c. Hoffner and the United States will bear their own costs, including any attorneys' fees or other expenses of this litigation;

    d. The Court will retain jurisdiction over this matter for the purpose of implementing and enforcing this Order of Permanent Injunction for one year following entry of this Order;

    e. If Hoffner violates the injunction, he may be subject to civil and criminal sanctions for contempt of court;

    f. The United States may conduct full post-judgment discovery to monitor compliance with the injunction for one year following entry of this Order;

    g. Entry of this Order of Permanent Injunction resolves only this civil injunction action, and neither precludes the government from pursuing any other current or future civil or criminal matters or proceedings against Hoffner, nor precludes Hoffner from contesting his liability in any other matter or proceeding.

**IT IS STIPULATED AND ORDERED** that Hoffner, and his agents, servants, employees, attorneys, and/or anyone in active concert or participation with him who has actual notice of this Order, are permanently enjoined from directly or indirectly:

a. Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making or furnishing a statement regarding the excludability of income or securing any other tax benefit that he knows or has reason to know is false or fraudulent as to any material matter;

b. Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including assisting or advising others with regards to the preparation of any portion of a return or any other document that he knows (or has reason to believe) will be used in connection with a material matter arising under the internal revenue laws and which he knows would result in the understatement of tax liability of others;

c. Engaging in any activity subject to penalty under the internal revenue laws; and

d. Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws; and

e. Misrepresenting any of the terms of this Order.

**IT IS FURTHER STIPULATED AND ORDERED** that within 30 days of the entry of this Order, Hoffner will file an affidavit under penalty of perjury stating that has turned over to the IRS the complete list of all persons for whom he or anyone under his direction has advised or assisted with regards to the fraudulent documents described in the complaint or who have attended a seminar given by Hoffner on the subject of these documents since January 1, 2009,

and stating that he has destroyed all copies of the list that he turned over to the IRS in December 2010.

**IT IS FURTHER STIPULATED AND ORDERED** that Hoffner, through his attorney, shall contact by mail all persons whom Hoffner or anyone under his direction has advised or assisted with regards to the fraudulent documents described in the complaint or who have attended a seminar given by Hoffner on the subject of these documents since January 1, 2009, and enclose a copy of this Order of Permanent Injunction. Hoffner, through his attorney, shall include a cover letter in a form agreed to by the Court or the Department of Justice, and shall not include any documents or enclosures except those specifically mentioned in the cover letter. Within 30 days of the entry of this Order, Hoffner shall file with the Court a certificate filed under penalty of perjury stating that his attorney has sent the Order of Permanent Injunction as required by this paragraph.

**IT IS FURTHER STIPULATED AND ORDERED** that, in order to monitor Hoffner's compliance with this permanent injunction, the United States may conduct discovery using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45 or as otherwise provided in the Federal Rules of Civil Procedure, but such discovery powers in this Court are limited to one year following entry of this Order.

It is therefore **ORDERED AND ADJUDGED** that:

1. Parties' Stipulated Order of Permanent Injunction Against Jason T. Hoffner (Dkt. 2) is GRANTED IN PART as stated herein.

2. The Clerk is directed to ENTER JUDGMENT in favor of the United States against Jason T. Hoffner.

3. The Clerk is directed to CLOSE this case.

Dated:

_____
JAMES S. MOODY, Jr.
United States District Judge

S:\Odd\2013\13-cv-811.permanentinjunction.wpd